[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFYDEFENDANT'S COUNSEL
Peter A. Thalheim for plaintiff.
Murtha, Cullina, Richter Pinney for defendant.
The plaintiff, Mayer-Wittmann Joint Ventures, Inc., has moved to disqualify counsel for the defendant, the firm of Murtha, Cullina, Richter Pinney (Murtha, Cullina), from representing the defendant, Gunther International, Ltd., in this action. The plaintiff claims that such representation would be in CT Page 6120 violation of the Rules of Professional Conduct 1.6 through 1.10 as well as Rule 1.13.
The plaintiff seeks damages for breach of contract, for unjust enrichment and other equitable claims, and for CUTPA violations from the defendant company. Essentially, the plaintiff seeks payment for services it rendered to the defendant. The plaintiff claims that it was hired to secure financing for and to assist in the management of the defendant; and, that its president and majority shareholder, Karl M. Mayer-Wittmann, served as a director of Gunther International, Ltd. from June 24, 1991 through September 3, 1992, arranging further financing for the defendant company.
The plaintiff claims that Mayer-Wittmann worked directly with the defendant's attorneys, Murtha, Cullina, both as an officer of the plaintiff and as a director of the defendant, in the restructuring and recapitalization of the company. The plaintiff contends that the law firm's appearance in this action, representing the defendant in denying the compensation for the work it and Mayer-Wittmann had performed for the defendant in association with members of that law firm, is a violation of the Rules of Professional Conduct.
In support of its application, the plaintiff has submitted the affidavits of Karl M. Mayer-Wittmann and Peter Thalheim, its counsel. The affidavit of Karl M. Mayer-Wittmann stresses that he reviewed and discussed documents concerning the efforts to secure capital and to effect a restructuring of the defendant by the investor's group with the defendant's Chief Executive Officer, Joseph Lamborghini, and members of Murtha, Cullina. He also designates comments concerning confidential reports dated January 24 and 25, 1992 to Attorney Geoffrey Nelson of Murtha, Cullina as covered by the attorney-client privilege. The affidavit of Attorney Thalheim indicated that during the months of July through September, 1992, he was engaged in settlement negotiations with attorney Nelson and Attorney Margaret Rosenberger of Murtha, Cullina concerning the plaintiff's claims and in the course of the discussions he informed Attorney Nelson that he believed Murtha, Cullina would not be able to represent the defendant corporation in court because Murtha, Cullina had been involved in the underlying transaction.
The defendant opposes the motion, arguing that, at all times, Murtha, Cullina represented the defendant corporation rather than the plaintiff or Karl M. Mayer-Wittmann. The defendant CT Page 6121 argues that there never was an attorney-client relationship between its law firm and either the plaintiff or Karl M. Mayer-Wittmann. The defendant also argues that the disqualification of the firm representing it in this action, which has been its general counsel for over ten years, would be severely detrimental in the defense of this action.
In support of its opposition, the defendant filed the affidavit of Geoffrey Nelson, an attorney at Murtha, Cullina; an Informal Opinion 88-12 (July 8, 1988) issued by the Connecticut Bar Association; under seal, a copy of all time sheet entries by the Murtha, Cullina, Richter, Pinney firm's lawyers and paralegal assistants on the defendant's account from December 1, 1990 to September 30, 1992 (Exhibit A); a document entitled "A Confidential Memorandum to the Shareholders of Gunther International," sent by the plaintiff through Karl Mayer-Wittmann to an officer of the defendant and then delivered to Murtha, Cullina for review (Exhibit B); two documents which were faxed to Murtha, Cullina by the plaintiff's counsel one purporting to be the January 25, 1992 confidential report referred to in Karl M. Mayer-Wittmann's affidavit (Exhibit C) and the other purporting to be the January 25, 1992 confidential report (Exhibit D); and a faxed letter dated June 26, 1991 from the plaintiff's president Karl Mayer-Wittmann to Joseph Lamborghini, which was found in Murtha, Cullina's files (Exhibit E).
In his affidavit, Attorney Nelson notes that all bills for services rendered by Murtha, Cullina on Gunther International's account were paid by the cooperation and all services rendered on Gunther International's account related to matters solely involving the defendant as a corporation. Any communications by members of Murtha, Cullina with the plaintiff was solely through its president Karl M. Mayer-Wittmann, and any communications with him was as attorneys for Gunther International. Murtha, Cullina's time sheets (Exhibit A) disclose that all communications with Karl M. Mayer-Whittman by any attorney at Murtha, Cullina related to work for Gunther International. No personal legal work for the plaintiff or for Karl M. Mayer-Whittman was conducted by any attorney at Murtha, Cullina. He further states that his records indicated that the document dated January 24 1992, entitled "A Confidential Report to the Board of Directors Summarizing the Gene En Proposal of 17 January 1992" was reviewed by himself and Attorney Michael Sudarsky with members of the defendant's board of directors, including Karl M. Mayer-Whittman. He avers that he was acting as an attorney for CT Page 6122 Gunther International during this review. He indicates that he reviewed a document dated January 25, 1992 also entitled "A Confidential Report to the Board of Directors Summarizing the Geneen Proposal of 17 January 1992" at the request of Joseph Lamborghini and called Lamborghini about corrections. His notes do not indicate that he communicated with Karl M. Mayer-Whittman about this document.
I.
This court has the discretion to disqualify an attorney from representing a party in a lawsuit if it deems such action appropriate.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." Bergeron v. Mackler, 225 Conn. 391, 397,623 A.2d 489 (1993). Since October, 1986, the conduct of attorneys has been regulated also by the Rules of Professional Conduct.Id. "The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." Id. Disqualification of counsel is a remedy that serves both to "`enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information.'" Id., quoting Silver Chrysler Plymouth,Inc. v. Chrysler Motors Corporation, 518 F.2d 751, 754
(2d Cir. 1975). However, a court must also be solicitous of a client's right to choose his counsel. Bergeron v. Mackler, supra, 397-98. "The competing interests at stake in a motion to disqualify, therefore, are (1) the [moving party's] interest in protecting confidential information; (2) the [objecting party's] interest in freely selecting counsel of [its] choice; and (3) the public's interest in the scrupulous administration of justice." Id., 398.
Rule of Professional Conduct 1.6 provides that "[a] lawyer shall not reveal information relating to representation of a client unless the client consents after consultation. . . ."
The issue presently before the court is whether an attorney-client relationship existed between the plaintiff or Mr. Mayer-Wittmann and Murtha, Cullina. The Rules of Professional Conduct which plaintiff claims would be violated by Murtha, Cullina's representation of the defendant in this matter deal with an attorney's relationship with former clients. Rule 1.13 of the Professional Rules of Conduct provides that "a lawyer employed or retained by the corporation represents the organization acting CT Page 6123 through its duly authorized constituents." (The comment to Rule 1.13 designate officers, directors, employees and shareholders as the "constituents" of the corporate organization client.) Practice Book, points out that if an organizational client requests its lawyer to investigate allegations of wrongdoing, interviews made between the lawyer and the corporate employees or constituents during the course of that investigation are covered by Rule 1.6, "[t]his does not mean . . . that constituents of an organizational client are the clients of the lawyer." Id.
There appears to be no recent case law in Connecticut addressing whether attorneys who represent closely held corporations also have attorney-client relationships with the individual directors, officers and shareholders of that corporation. However, the question was addressed in an Informal Opinion 88-12 (July 8, 1988) issued by the Committee on Professional Ethics of the Connecticut Bar Association (CBA), which the defendant has submitted in support of its opposition. The CBA noted that "in close corporations the client-identity issue is less clear cut" because "in a small corporation, the lawyer's dealings with an individual constituent such as a major shareholder can be so extensive, sometimes combining corporate and personal legal services, that the individual believes the lawyer represents the constituent's own personal interests." The CBA cited Bobbit v.Victorian House, Inc., 545 F. Sup. 1124, 1126 (N.D.Ill. 1982), as the leading case addressing the client identity issue in a close corporation. In Bobbitt, supra, 1227, the court found that although the lawyer for the corporation had represented the plaintiff for three minor incidents in the past, none were related to the current action. The court held that the issue should be determined on the individual facts of each case, with the operative question being whether the director/officer/shareholder could have reasonably thought that the corporation's attorney was acting as his lawyer.
 [N]ormally a corporate director talking to a corporate counsel should understand anything he told that attorney was "known by the corporation." Thus there should normally be no conflict of interest when a director sues a corporation represented by its general corporate counsel, because anything the director would previously have told that attorney would ordinarily have been communicated to him as lawyer for the corporation. In other words, no conflict exists simply because there was no prior representations of the individual. Id., 1226. CT Page 6124
See also, Wayland v. Shore Lobster Shrimp Corp. , 537 F. Sup. 1120
(S.D.N.Y. 1982). In an action by former officer to secure payment from the corporation on a promissory note and for consultation fees, the court refused to disqualify the corporation's counsel although plaintiff claimed confidential communications.
The court determined the plaintiff "could not have reasonably believed or expected that any information given to the [law] firm would be kept confidential from the other shareholders or from the corporation as an entity." Id., 1123.
In the present case, there is no indication that the plaintiff or its president was ever represented by Murtha, Cullina in a personal matter. The defendant indicates that Murtha, Cullina has been counsel to the corporation since 1984, which was substantially before the time that the plaintiff provided services for the defendant or Karl M. Mayer-Wittmann was director of the defendant. Mr. Mayer-Wittmann's affidavit does not state that he believed Murtha, Cullina represented his interests in addition to the interests of the corporation. Furthermore, "Exhibit E" of the material submitted in support of the defendant's opposition is a fax transmittal sheet which was sent to an officer of the defendant by the plaintiff, wherein the plaintiff's president, Karl Mayer-Whittman, refers to David Chabot, a Murtha, Cullina attorney, as "your David A. Chabot."
II.
The court has no evidentiary information before it that any confidential information was ever transmitted to the law firm by the plaintiff or its president that was not intended for disclosure to the defendant.
The court finds that the above information is sufficient to establish that the plaintiff could not reasonably have believed that Murtha, Cullina represented its interests or Mr. Mayer-Wittmann's interests in any lawyer-client relationship.
The court finds that the plaintiff has failed to establish a conflict of interest on the part of Murtha, Cullina in representing the defendant as counsel in this action brought by the plaintiff, Mayer-Wittmann Joint Ventures, Inc.
The plaintiff's motion to disqualify is denied.
Nigro, Judge CT Page 6125